## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY

| | |
|---|---|
| **ERIC STECK, on behalf of himself** ) | |
| **and all others similarly situated,** ) | |
| ) | |
| **Plaintiff,** ) | **Case No.  22-cv-2427** |
| ) | |
| **v.** ) | **Electronically Filed** |
| ) | |
| **HOSPITALITY KANSAS CITY, LLC.** ) | **CLASS ACTION** |
| ) | **COLLECTIVE ACTION** |
| **Serve Registered Agent:** ) | |
| ) | |
| **KAREN M VIRGILLITO** ) | |
| **11150 Overbrook Suite 210** ) | |
| **LEAWOOD, KS 66211** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

**COMES NOW,** Eric Steck ("Plaintiff"), on behalf of himself, and all others similarly situated, by and through counsel, and for his Complaint against Hospitality Kansas City, LLC. ("HKC"), hereby states and alleges as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendant for unpaid minimum wage and overtime compensation, and related penalties and damages.

2.      Defendant's policy and practice is to deny minimum wages and overtime pay to servers working at its restaurant.  Defendant's failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

3.      Plaintiff previously worked as a server for Defendant's place of business in Kansas City, Missouri from approximately 2015 to 2022. This lawsuit is brought as a collective

1

action pursuant to 29 U.S.C. § 216(b) of the FLSA and a class action pursuant to Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

4.      This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

5.      This Court has personal jurisdiction because Defendant has been conducting business in Johnson County, Kansas, and Plaintiff was an employee, working for Defendant, within this judicial district.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant conducts business, and have substantial business contacts in Johnson County, Kansas, and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

7.      Plaintiff is a resident of the State of Kansas, Johnson County.

8.      At all relevant times, Plaintiff was employed as a bartender for Defendant.

9.      At all times relevant to this action, Plaintiff worked at Defendant's place of business, located at 1 Sporting Way, Kansas City Kansas, 66111.

10.     Hospitality Kansas City, LLC is a domestic limited liability company, organized under the laws of Kansas, with its principal place of business located in the State of Kansas.

11.     At all times relevant to this action, Hospitality Kansas City, LLC operated a restaurant in Children's Mercy Park. HKC's restaurant serves alcohol and food to fans attending Sporting Kansas City events and private events.

12.     At all times relevant to this action, Defendant was authorized to do business and was in fact doing business in the State of Kansas.

13.     At all relevant times, Defendant was the employer of Plaintiff, and all other similarly situated employees, and is thus liable to Plaintiff, and all others similarly situated, as an employer, joint employer, single employer and/or otherwise according to statutory and common law.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

14.     Plaintiff brings Count I, the FLSA claim for servers and/or bartenders, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and of the following class of persons:

> All HKC bartenders and servers employed by Defendant within three years from the commencement of this action who have not been paid minimum wage for all hours worked and/or have not been properly paid overtime compensation, at one-and-one-half times the minimum wage, for all work performed in excess of forty hours per week.

15.     Plaintiff brings his state law claims in Count II (unjust enrichment / quantum meruit) as a class action pursuant to Fed. R. Civ. P. 23. Plaintiff, individually, and behalf of others similarly situated, seeks relief on a class basis challenging Defendant' practice of compensating Plaintiff and others similarly situated. The Rule 23 classes are each defined as:

> All HKC bartenders and servers employed by Defendant in the state of within three years of the filing of this action.

16.     The class satisfies the numerosity standards in that the class numbers into the hundreds.  As a result, joinder of all class members in a single action is impracticable.  Class members may be informed of the pendency of this class action through direct and electronic mail as well as notice posted in the restaurant.

17.     There are questions of fact and law common to the classes that predominate over

any questions affecting individual members.  The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a.    Whether Defendant improperly withheld tips from bartenders and servers;

    b.    Whether Defendant knew or had reason to know its policies and compensation practices were unlawful, and

    c.    Whether Defendant retained a benefit from such unlawful policies and compensation practices.

18.    The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

19.    Plaintiff's claims are typical of those of the Class in that class members have been paid pursuant to the same compensation structure as the Plaintiff and were subject to the same or similar unlawful practices as the Plaintiff.

20.    A class action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendant has acted or refused to act on grounds generally applicable to the class.  The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

21.    The Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class he seeks to represent.  The interests of the members of the class will be fairly and adequately protected by the Plaintiff acting as Class Representative and his undersigned counsel, who have experience in employment and class

action lawsuits.

22.     Maintenance of this action as a class action is a fair and efficient method to resolve this controversy.  It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action.  Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

23.     The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

24.     Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a collective basis challenging Defendant's FLSA violations.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

25.     To the extent required by law, notice will be provided to said individuals via first class mail, email and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## COUNT I

### Violation of the Fair Labor Standards Act

### (Brought Against Defendant by Plaintiff Individually and on Behalf of All Others Similarly Situated)

26.     Plaintiff re-alleges the allegations as set forth above.

27.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

28.     The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

29.     Defendant is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

30.     At all relevant times, Defendant has been, and continues to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

31.     At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including Plaintiff and all similarly situated employees.

32.     At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

33.     Plaintiff was employed by Defendant. During this time frame, Plaintiff performed work for Defendant in the position of bartender and/or server.

34.     Prior to and during Plaintiff's employment with Defendant, Defendant employed numerous other servers who had the same job duties and compensation structure as Plaintiff.

35.     Plaintiff and all similarly situated employees have substantially similar job requirements and pay provisions, and are subject to Defendants' common policy and practice of refusing to correctly pay minimum wages and overtime wages in violation of the FLSA.

36.     The FLSA requires employers, such as Defendant, to compensate all non-exempt employees overtime compensation, at a rate of not less than one-and-one-half the minimum wage, for work performed in excess of forty hours in a work week.

37.    Plaintiff and all similarly situated employees are not exempt from the right to receive the Federal minimum wage and overtime pay under the FLSA and are not exempt from the requirement that their employer pay them minimum wage and/or overtime compensation under the FLSA.

38.    At all relevant times, Defendant has had a policy and practice of failing to provide its bartenders and/or servers all tips paid by customers.

39.    Defendant's improper tip pool and failure to provide all earned tips to bartenders and/or servers constitutes a violation of the Fair Labor Standard's Act minimum wage requirements, 29 U.S.C. §§ 201, *et. seq.*

40.    Defendant' violation of the FLSA is continual in nature; in that Defendant continues to pay its servers under the same unlawful policies and procedures that are set forth in detail herein.

41.    Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

42.    Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

43.    As a result of the aforesaid violations of the FLSA's tip credit and overtime pay provisions, proper minimum wage and overtime compensation has been unlawfully withheld by

Defendant from Plaintiff and all similarly situated employees.  Accordingly, Plaintiff, and all others similarly situated, seeks damages in the amount of all respective unpaid minimum wage and overtime, plus liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

a.  Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action:

b.  Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b); or

c.  Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

d.  Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA;

e.  Issue a declaration that Defendant has violated state and federal law; and

f.  Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

<u>**COUNT II – QUANTUM MERUIT/UNJUST ENRICHMENT**</u>

44.  Plaintiff realleges and incorporates by reference each and every allegation and averment set forth in paragraphs 1 through and including 60 of this Petition as though fully set forth herein.

45.  Defendant has been and is being enriched by making deficient payments for work performed by Plaintiff and other similarly situated employees, specifically by withholding tips

earned by bartenders and/or servers.   Defendant has been and is being enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

46.     Defendant knows or should know that the tips received belong solely to Plaintiff and other similarly situated employees.   Such wrongful conduct demonstrates bad faith on the part of Defendant.

47.     It is unjust for Defendant to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed class members, prays for relief as follows:

a.     Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members (the Missouri Wage Law class), apprising them of the pendency of this action;

b.     Designation of Plaintiff Steck as Representative Plaintiff, acting for and on behalf of the putative class members;

c.     A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d.     An award of restitution of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiff and the putative class by the Defendant;

f.     Costs and expenses of this action incurred herein;

g.     Reasonable attorneys' fees and expert fees;

h.     Pre-Judgment and Post-Judgment interest, as provided by law; and

i.     Any and all such other and further relief as this Court deems necessary, just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the place of trial as the United States District Court for the

District of Kansas at Kansas City.

Respectfully submitted,

**THE HODGSON LAW FIRM, LLC**

Michael Hodgson, MO Bar No. 63677
3609 SW Pryor Rd.
Lee's Summit, Missouri 64082
816.600.0117 (t)
816.600.0137 (f)
mike@thehodgsonlawfirm.com

***ATTORNEY FOR PLAINTIFF AND***
***THE PUTATIVE COLLECTIVE CLASS***